UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PATRICK HAYDEN and MELISSA HAYDEN, on behalf of their Minor child, A.H., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:10-cv-1709-RLY-DML |
| GREENSBURG COMMUNITY SCHOOL CORPORATION, Greensburg Community School Board Members, LISA TRESSLER, in her official and individual capacities, DAVID WEIGEL, in his official and individual capacities, VALERIE MOORMAN, in her official and individual capacities, DAVE MEYER, in his official and individual capacities, AL MOORE, in his official and individual capacities, TONY OWENS, in his official and individual capacities, STEVE TAYLOR, in his official and individual capacities, Greensburg Community Schools Superintendent TOM HUNTER, in his official and individual capacities, Greensburg Junior High Principal DAVE STROUSE, in his official and individual capacities, Greensburg Junior High Assistant Principal and Athletic Director DEBBIE SMITH, in her official and individual capacities, Greensburg Varsity Head Boys Basketball Coach STACY MEYER, in his official and individual capacities | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**ENTRY ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

On January 18, 2011, Patrick Hayden and Melissa Hayden ("Plaintiffs"), on behalf of their minor child, A.H., filed an Amended Complaint against the Greensburg Community School Corporation ("School Corporation"), Greensburg Community School Board Members Lisa Tressler, David Weigel, Valerie Moorman, Dave Meyer, Al Moore, Tony Owens, and Steve Taylor (collectively "School Board"), the superintendent of Greensburg Community Schools, Tom Hunter ("Superintendent Hunter"), the principal of Greensburg Junior High School, Dave Strouse ("Principal Strouse"), the assistant principal and athletic director of Greensburg Junior High School, Debbie Smith ("Assistant Principal Smith"), and Greensburg varsity boys basketball team head coach, Stacy Meyer ("Coach Meyer") (collectively "Defendants"). This case arose after Plaintiffs' son, A.H., was removed from the Greensburg Junior High School boys basketball team because he did not comply with an unwritten haircut policy that required him to wear his hair above his ears and collar. Plaintiffs allege that Defendants' removal of A.H. from the basketball team for A.H.'s refusal to comply with the haircut policy violated, *inter alia*, his right to equal protection and his rights to procedural and substantive due process under 42 U.S.C. § 1983. On January 9, 2011, Plaintiffs filed the instant Motion for Preliminary Injunction. On May 20, 2011, the court held a hearing on Plaintiffs' Motion, and rules as follows.

Before proceeding on the merits, the court must first determine whether it has jurisdiction to hear the claims contained in Plaintiffs' Motion. *Beth-El All Nations*

*Church v. City of Chicago*, 486 F.3d 286, 291 (7th Cir. 2007) (citing *Lance v. Coffman*, 549 U.S. 437 (2007)). To the extent that Plaintiffs' seek to enjoin Defendants from enforcing the haircut policy as it applied to A.H. during the 2010-2011 basketball season, Plaintiffs' Motion is moot. Legal claims are moot when they no longer present a case or controversy under Article III of the United States Constitution. *Cornucopia Inst. v. U.S. Dept. of Agric.*, 560 F.3d 673, 676 (7th Cir. 2009). The test for mootness is "whether the relief sought, if granted, would make a difference to the legal interests of the parties . . . ." *Air Line Pilots Ass'n Intern. v. UAL Corp.*, 897 F.2d 1394, 1396 (7th Cir. 1990) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Since the 2010-2011 basketball season has passed, there is nothing for the court to enjoin, and, thus, no live case or controversy. *Tobin for Governor v. Ill. State Bd. of Elections*, 286 F.3d 517, 528 (7th Cir. 2001) ("A case is moot when it no longer presents a live case or controversy" (citations omitted)).

To the extent that Plaintiffs seek to enjoin Defendants from enforcing the haircut policy on A.H. during future basketball seasons, Plaintiffs' claims are not ripe. Legal claims are ripe under Article III when the alleged harm has matured sufficiently to warrant judicial intervention, focusing on whether parties face direct and immediate harm. *Sierra Club v. Marita*, 46 F.3d 606, 611 (7th Cir. 1995) (citations omitted). In other words, when a claim is brought too early it is unripe for adjudication. *Bauer v. Shepard*, 620 F.3d 704, 708 (7th Cir. 2010). Here, a series of events must occur before the haircut policy would apply to A.H.: (1) A.H. must enroll and be accepted back into the School

District; (2) A.H. must maintain his hair at a length that violates the haircut policy; (3) A.H. must try out for, and make, the basketball team; and (4) the coach must remove A.H. from the basketball team for failing to comply with the haircut policy. Too many steps must occur to justify constitutional adjudication. *See id.*; *see also Crosetto v. State Bar of Wis.*, 12 F.3d 1396, 1403 (7th Cir. 1993) ("Before a plaintiff may obtain an injunction against a future enforcement he must show some substantial hardship – the enforcement must be certain and the only impediment to the case's ripeness is a delay before its eventual prosecution" (citing *Steffel v. Thompson*, 445 U.S. 452 (1974)).

For these reasons, the court does not have subject matter jurisdiction to enjoin Defendants from enforcing the haircut policy as applied to A.H. Accordingly, Plaintiffs' Motion for Preliminary Injunction (Docket # 13) is **DENIED**.

**SO ORDERED** this 19th day of July 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Thomas W. Blessing
FRAZIER & ASSOCIATES
tom@frazierattorneys.com

Jason Thomas Clagg
BARNES & THORNBURG
jason.clagg@btlaw.com

Ronald William Frazier
FRAZIER & ASSOCIATES
ron@frazierattorneys.com

William T. Hopkins Jr.
BARNES & THORNBURG
tuck.hopkins@btlaw.com

Thomas E. Wheeler II
FROST BROWN TODD LLC
twheeler@fbtlaw.com