UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| PATRICK HAYDEN and MELISSA HADYEN, on behalf of their Minor Child, A.H., | ) ) ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-1709-RLY-DML |
| | ) | |
| GREENSBURG COMMUNITY SCHOOL CORPORATION, Greensburg Community School Board Members, LISA TRESSLER, in her official and individual capacities, DAVID WEIGEL, in his official and individual capacities, VALERIE MOORMAN, in her official and individual capacities, DAVE MEYER, in his official and individual capacities, AL MOORE, in his official and individual capacities, TONY OWENS, in his official and individual capacities, STEVE TAYLOR, in his official and individual capacities, Greensburg Community Schools Superintendent TOM HUNTER, in his official and individual capacities, Greensburg Junior High Principal DAVE STROUSE, in his official and individual capacities, Greensburg Junior High Assistant Principal and Athletic Director DEBBIE SMITH, in her official and individual capacities, Greensburg Varsity Head Boys Basketball Coach STACY MEYER, in his official and individual capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

1

**ENTRY ON DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

Defendants now move the court for leave to amend Paragraph 14 of their Answer to Plaintiffs' Amended Complaint.  Plaintiffs' Amended Complaint alleges that: "[a]t all relevant times, each [D]efendant acted under color of state law.  Each [I]ndividual [D]efendant had final policymaking authority for the School District."  (Am. Comp. ¶ 14).  Defendants answered this allegation by stating: "[t]he Defendants admit the allegations contained in rhetorical paragraph 15 of the Plaintiffs' Amended Complaint."  (Answer ¶ 14).  In their Motion for Leave, Defendants allege that they inadvertently admitted that the Individual Defendants had policymaking authority.  Defendants claim that they drafted their Answer based on the allegations in the original Complaint, which did not contain the assertion that the Individual Defendants had policymaking authority.

Federal Rule of Civil Procedure 15 governs amendments to pleadings, stating that a court should "freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  The rule reflects a liberal policy towards amendments, and "[a]s a general matter, Rule 15 ordinarily requires that leave to amend be granted once when there is a potentially curable problem with the complaint or other pleading."  *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

The question of whether the Individual Defendants have policymaking authority for the School District is an issue of state law.  *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 707, 737 (1989) (affirming that "'whether a particular official has 'final policymaking authority' is a question of *state law*'") (quoting *St. Louis v. Proprotnik*, 485

2

U.S. 112, 113 (1988) (emphasis in original)); *see also Valentina v. Vill. of S. Chicago Heights*, 575 F.3d 664, 675-76 (7th Cir. 2009).  Under Indiana law, a school board has final policymaking authority for a School District.  *See* IND. CODE § 20-26-5-4(18)-(19).  Thus, Defendants are seeking to amend their Answer to comport with Indiana law, and permitting Defendants leave to amend would not affect the outcome of the case.  In fact, in the parties Joint Stipulation of Facts, the parties agree that: "Indiana law provides that the School Board is the ultimate decision-maker for the School and the School Board exercises this authority through a series of policies."  (Joint Stipulation of Facts ¶ 10).

Therefore, the court **GRANTS** Defendants' Motion for Leave to Amend Answer (Docket # 83) and orders the proposed Amended Answer (Docket # 83-1) filed as of the date of this entry and made a part of the record.

**SO ORDERED** this 23rd day of October 2012.

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

3